**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **KENTES WEST,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 16−cv–0989−NJR |
| ) | |
| **MIGNERON,** ) | |
| ) | |
| **Defendant.** ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Kentes West, an inmate in Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff requests monetary relief. (Doc. 2, p. 37-38). This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not

plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

## The Complaint

Plaintiff originally filed this suit in Case No. 16-cv-414-SMY on April 11, 2016. On August 29, 2016, that Complaint underwent screening pursuant to § 1915A, at which time certain claims were severed into distinct actions for failure to state related claims. Plaintiff's claim against Migneron was severed into this action.

As it relates to this claim, Plaintiff has alleged: "still being harassed I had a call pass for psych health care and clothing room. C/O Migneron wouldn't allow me to go on call passes." (Doc. 2, p. 36). He then states that mental health professional Myeres came to his door. (Doc. 2, p. 36). That is the extent of the allegations in the Complaint relevant to this claim. Plaintiff's exhibits show that he had a call pass for lost laundry clothing exchanged dated February 19, 2016, which appears not to have been executed. (Doc. 2-2, p. 45).

## Discussion

The Court's previous Order divided up Plaintiff's Complaint into separate Counts. (Doc. 1). Count 17 was split into this action:

> **Count 17:** Eighth Amendment Deliberate Indifference Claim against Defendant Migneron for refusing to allow Plaintiff to leave his cell on passes to obtain psychological care and clothing.

Not all prison conditions trigger Eighth Amendment scrutiny–only deprivations of basic human needs like food, medical care, sanitation, and physical safety. *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981); s*ee also James v. Milwaukee Cnty.*, 956 F.2d 696, 699 (7th Cir. 1992). In order to prevail, a plaintiff must allege facts that, if true, would satisfy the objective and subjective components applicable to all Eighth Amendment claims. *McNeil v. Lane*, 16 F.3d 123, 124 (7th Cir. 1993); *see also Wilson v. Seiter*, 501 U.S. 294, 302 (1991). The objective component focuses on the nature of the acts or practices alleged to constitute cruel and unusual punishment. *Jackson v. Duckworth*, 955 F.2d 21, 22 (7th Cir. 1992). The inquiry is whether the conditions of confinement exceed the contemporary bounds of decency of a mature civilized society. *Id*. The condition must result in unquestioned and serious deprivations of basic human needs or deprive inmates of the minimal civilized measure of life's necessities. *Rhodes,* 452 U.S. at 347; *accord Jamison-Bey v. Thieret*, 867 F.2d 1046, 1048 (7th Cir. 1989); *Meriwether v. Faulkner*, 821 F.2d 408, 416 (7th Cir. 1987).

In addition to showing objectively serious conditions, a plaintiff also must demonstrate the subjective component of an Eighth Amendment claim. The subjective component is the intent with which the acts or practices constituting the alleged punishment are inflicted. *Jackson*, 955 F.2d at 22. A prison official must have had a sufficiently culpable state of mind. *Wilson*, 501 U.S. at 298; *see also McNeil v. Lane,* 16 F.3d 123, 124 (7th Cir. 1994). The relevant state of mind is deliberate indifference to inmate health or safety; the official must be aware of facts from which an inference could be drawn that a substantial risk of serious harm exists, and he also must draw the inference. *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Wilson*, 501 U.S. at 303; *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Del Raine v. Williford*, 32 F.3d 1024, 1032 (7th Cir. 1994). The deliberate indifference standard is satisfied if the plaintiff shows that the prison

official acted or failed to act despite the official's knowledge of a substantial risk of serious harm. *Farmer*, 511 U.S. at 842. A failure of prison officials to act in such circumstances suggests that the officials actually want the prisoner to suffer the harm. *Jackson v. Duckworth,* 955 F.2d 21, 22 (7th Cir. 1992). It is well-settled that mere negligence is not enough. *See, e.g., Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986).

Plaintiff alleges that Migneron was deliberately indifferent because he refused to let him go on two call passes. The first call pass at issue is for a psychological medical visit. This claim fails for two reasons. First, Plaintiff has not provided facts making it plausible that he suffered from a serious medical condition. He has not identified the reason for his mental health visit. Without this information, Plaintiff has not adequately alleged that he suffers from a serious medical need. Additionally, Plaintiff's Complaint states that the mental health professional came to his door. This suggests an absence of harm. If Plaintiff was able to meet with his mental health professional, then he received the service the call pass was meant to provide. It does not offend the Constitution for mental health to come to Plaintiff rather than the other way around. Plaintiff is further informed that the Prison Litigation Reform Act prohibits a prisoner from collecting compensatory damages for non-physical harm. *See* 42 U.S.C.1997e(e); *Thomas v. Illinois,* 697 F.3d 612, 614–15 (7th Cir.2012). Because he has not alleged that he suffered physical harm as a result of this incident, Plaintiff's ability to receive damages would be limited.

As to the second call pass for clothing, once again Plaintiff has not adequately stated a claim. He has provided no facts explaining what need or condition the call pass was meant to ameliorate. If Plaintiff was looking for lost clothes, as the call pass itself suggests, his remedy is not federal court, but the Illinois Court of Claims. *See Murdock v. Washington*, 193 F.3d 510, 513 (7th Cir. 1999); *Stewart v. McGinnis*, 5 F.3d 1031, 1036 (7th Cir. 1993); 705 Ill. Comp.

STAT. 505/8 (1995). But in the absence of allegations that Migneron was aware of a serious need of Plaintiff's and deliberately indifferent to that need, the cancellation of call passes states no claim. **Count 17** will be dismissed without prejudice. As set forth below, however, the Court will give Plaintiff an opportunity to amend the complaint.

### Disposition

    **IT IS HEREBY ORDERED** that **COUNT 17** fails to state a claim upon which relief may be granted. It is therefore **DISMISSED without prejudice**.

    **IT IS FURTHER ORDERED** that, should Plaintiff wish to proceed on his claim in **COUNT 17**, Plaintiff shall file his First Amended Complaint, providing facts tending to show that he suffered a sufficiently serious condition of confinement on or before **November 28, 2016**.

    Plaintiff is **ADVISED** that the First Amended Complaint shall contain ONLY the claims designated in this Order as Count 17, and shall include facts tending to show that Migneron was deliberately indifferent to a *serious* need. Should the First Amended Complaint not conform to these requirements, it shall be stricken and the entire case may be dismissed. Failure to file an amended complaint may result in dismissal of this case with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

    An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint.

Service of process shall not commence until after the Court reviews the First Amended Complaint pursuant to 28 U.S.C. § 1915A.

**IT IS SO ORDERED.**

**DATED: October 31, 2016**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**